UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Ex Parte Application of* R.D. Project Development B.V. | Case No.  24-mc-80287-DMR<br><br>**ORDER ON EX PARTE APPLICATION**<br><br>Re: Dkt. Nos. 1, 5 |

On November 22, 2024, applicant R.D. Project Development B.V. ("RD") applied ex parte for an order pursuant to 28 U.S.C. § 1782 granting RD leave to obtain discovery from Squire Patton Boggs (US) LLP ("SPB US") for use in foreign litigation in Russia ("the Russian Proceeding"). [Docket No. 1 (App.).] The Russian Proceeding is a pending litigation brought by RD and involves an alleged tortious interference by SPB US into a sublease contract between RD and Squire Patton Boggs Moscow LLC ("SPB Moscow"). *Id.* at 3-4; [Docket No. 1-2 (Rustam Gemirovich Nurtdinov Decl., Nov. 22, 2024) ¶¶ 11-12.] SPB US is a co-defendant in the Russian Proceeding; it was served but has refused to appear or participate in the Russian Proceeding. Nurtdinov Decl. ¶ 12. RD seeks discovery regarding electronic communications between SPB US's employees and SPB Moscow's employees, wire transfers between SPB US and SPB Moscow, and SPB US documents related to the sublease contract between RD and SPB Moscow as well as SPB US's decision to end SPB Moscow operations in the Russian Federation. App. 4.

On December 5, 2024, before the subpoena issued, SPB US made an appearance and moved to dismiss RD's ex parte application under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. [Docket No. 5 (Mot.).] The court ordered RD to show cause why its application should not be denied for lack of personal jurisdiction. [Docket No. 14.] The parties filed further briefing in response. [Docket Nos. 16 (Opp'n); 17 (Reply).] After reviewing the

parties' submissions and holding oral argument, the court finds that it has authority to consider the application pursuant to 28 U.S.C. § 1782, but denies RD's application for the reasons stated below.

## I.    LEGAL STANDARD

RD seeks discovery pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).  The purpose of section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" (citation and quotations omitted)).

A district court is authorized to grant a section 1782 application where (1) the person from whom the discovery is sought "resides or is found" in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a "foreign or international tribunal," and (3) the application is made by the foreign or international tribunal or "any interested person."  28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246-47; *In re Republic of Ecuador*, No. C-10-80255-CRB (EMC), 2010 WL 3702427, *2 (N.D. Cal. Sept. 15, 2010).

"To the extent that" the district court's order "does not prescribe otherwise," discovery ordered under section 1782 shall be produced "in accordance with the Federal Rules of Civil Procedure."  28 U.S.C. § 1782(a).  *See, e.g., Daedalus Prime LLC v. MediaTek USA Inc.,* No. 24-MC-80208-VKD, 2024 WL 4220000, at *7 (N.D. Cal. Sept. 16, 2024) (applying "ordinary

United States District Court
Northern District of California

United States District Court
Northern District of California

1   discovery principles under Rules 26 and 45" to find that a section 1782 subpoena "may properly

2   seek documents and testimony within [the respondent's] possession, custody, or control").

3   **II.      DISCUSSION**

4        **A.      Authority to Issue Subpoena**

5        The parties dispute whether the court has authority to consider RD's application because

6   they disagree on whether SPB US "is found" in this district within the meaning of section 1782.

7   *See* 28 U.S.C. § 1782(a).[1]

8        SPB US argues that the "jurisdictional" requirement of section 1782 is coextensive with

9   personal jurisdiction in non-section 1782 cases.  Mot. 4.  In other words, it asserts that a party

10  "resides" in a district if the court may exercise general jurisdiction over the party, and "is found"

11  in a district if the court may exercise specific jurisdiction over it.  Reply 2.  In the context of a

12  section 1782 application, SPB US argues that specific jurisdiction requires the applicant to show

13  that "the discovery material sought proximately resulted from the respondent's forum contacts."

14  *See In re del Valle Ruiz*, 939 F.3d 520, 530 (2d Cir. 2019).  SPB US offers evidence, unrebutted

15  by RD, that the discovery materials sought by RD were not generated in, directed to or from, or

16  otherwise related to SPB US's contacts with California.  McKenna Decl. ¶¶ 6-10.

17       RD contends that personal jurisdiction jurisprudence is irrelevant because section 1782

18  does not incorporate personal jurisdiction in the language of the statute.  Opp'n 2.  Therefore,

19  according to RD, the only question is whether SPB US is "found" within the district based on the

20  plain meaning of the word.  *Id.* at 1-2.  RD argues that a party "is found" in a district if it

21  maintains a physical office with staff in the district.  Reply 1.  SPB US maintains an office of

22  approximately 50 attorneys in San Francisco, California.  [Docket No. 1-1 (Richard J. Mooney

23  Decl., Nov. 22, 2024) ¶ 2.]  Therefore, RD concludes that SPB US is "found" in the district within

24  the meaning of section 1782.  Reply 1-2.

25

26

27  _____

    [1] The parties appear to agree that SPB US does not "reside" in this district because it is registered
28  as a limited liability partnership in Ohio and maintains its principal place of business in Ohio.
    Opp'n 2; [Docket No. 7 (Michael E. McKenna Decl., Dec. 5, 2024) ¶¶ 4-5, Ex. A].

It appears the Ninth Circuit has yet to rule on this issue.[2]  In *In re Ex Parte Application of Qualcomm Inc.,* 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016), the Honorable Paul S. Grewal held that a section 1782 respondent is "found" in a district if it conducts "systematic and continuous local activities" in that district, and maintaining an "in-district office[]" is sufficient to meet that standard.

SPB US argues that *Qualcomm* should not be followed because it predates a "sea change in personal jurisdiction jurisprudence" where the Supreme Court clarified the bounds of general and specific jurisdiction in cases such as *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402 (2017) and *Ford Motor Co. v. Montana Eight Jud. Dist. Ct.,* 592 U.S. 351 (2021).  Mot. 4 n.4.  SPB US relies heavily on *del Valle Ruiz*, in which the Second Circuit held that a respondent is only "found" in a district either "where the discovery material sought proximately resulted from the respondent's forum contacts," or where "the evidence sought would not be available but for the respondent's forum contacts."  *In re del Valle Ruiz*, 939 F.3d at 530.  The Second Circuit adapted this standard from the Supreme Court's precedent on due process and personal jurisdiction over corporations. *Id.*

SPB US fails to point out that the Fourth Circuit declined to follow *del Valle Ruiz* and instead held that the court's authority under section 1782 and personal jurisdiction under Supreme Court precedent are "two distinct concepts."  *In re Eli Lilly & Co.*, 37 F.4th 160, 167 (4th Cir. 2022).  The Fourth Circuit interpreted the plain meaning of section 1782 and concluded that "a corporation is found where it is physically present by its officers and agents carrying on the corporation's business."  *Id.* at 165.

The court finds that the jurisdictional analysis applied by *del Valle Ruiz* is not a good fit for a section 1782 analysis.  *See also Regents of Univ. of California v. Kohne*, 166 F.R.D. 463, 464

---

[2] In *Astronics Advanced Elecs. Sys. Corp. v. Lufthansa Technik AG*, 561 F. App'x 605, 606 (9th Cir. 2014), the court noted that the district court had personal jurisdiction over the respondent pursuant to section 1782 where the respondent previously had filed its own section 1782 motion in the same district, but the court specifically declined to rule on whether the respondent could be "found" in the district within the meaning of section 1782.

United States District Court
Northern District of California

(S.D. Cal. 1996) ("Jurisdictional analysis is inappropriate for analyzing Rule 45 because it responds to an entirely different set of concerns.").  The Supreme Court's personal jurisdiction cases, such as *Daimler AG v. Bauman,* 571 U.S. 117 (2014), analyzed the question of where a corporation may be subject to suit.  The Court imposed limits on general and specific jurisdiction to address the concern that "exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'"  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  These issues are not mirrored in a section 1782 application.  SPB US is not being haled into court as a defendant in this district, but only to answer a subpoena for discovery.  To the extent SPB US argues about the undue burden of producing certain discovery, that concern is more appropriately addressed by the section 1782 discretionary factors laid out in *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004).

Following *Qualcomm*, this court determines it is authorized to consider RD's application because SPB US is "found" in this district within the meaning of section 1782.  SPB US maintains a physical office that houses approximately 50 employees in San Francisco, California.[3]  The first statutory requirement of section 1782 is met.

RD has also satisfied the other two statutory requirements.  The discovery is for use in the Russian Proceeding, which is a proceeding in a foreign tribunal.  RD qualifies as an "interested person" because there is "[n]o doubt that litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782."  *Intel*, 542 U.S. at 256.  RD is the plaintiff in the Russian Proceeding, which makes it a litigant and clearly an "interested person" within the meaning of section 1782.

**B.    Discretionary Factors**

Having concluded that it has the authority to issue the subpoenas, the court now weighs the

---

[3] SPB US also cites *Netlist, Inc. v. Montage Tech., Inc.,* No. 22-mc-80337-VKD, 2023 WL 2940043, at *5 (N.D. Cal. Feb. 24, 2023), where the court held it did not have jurisdiction over a Rule 45 subpoena because the specific discovery sought did not "arise out of or relate to" the respondent's contacts with the forum.  That case is inapposite because the respondent did not have an in-district office and only had contacts with a local subsidiary.  *Id.*

four discretionary factors identified by the Supreme Court to determine whether the subpoena should be issued.

With respect to the first discretionary factor, the Supreme Court noted that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.  A foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence.  In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."  *Intel*, 542 U.S. at 264 (internal quotations and citations omitted).  Here, SPB US is a defendant in the Russian Proceeding.  Nurtdinov Decl. ¶ 12.  RD argues that because SPB US failed to appear in that case, the Russian court has "no ability to compel production" of evidence in SPB US's custody.  App. 6; Nurtdinov Decl. ¶ 19.  At the hearing, however, RD's counsel was unable to point to any evidence in the record that the Russian court is truly incapable of compelling discovery from an absent defendant.  Since the respondent is a participant in the foreign proceeding, the first discretionary factor weighs against RD.

The second factor examines the nature and receptivity of the foreign tribunal.  RD contends that the Russian court will be receptive to this court's assistance, citing *Deposit Ins. Agency v. Leontiev*, No. 17MC00414GBDSN, 2018 WL 3536083, at *4 (S.D.N.Y. July 23, 2018) ("courts have continued to enforce subpoenas pursuant to § 1782 intended for use in Russian court").  Nurtdinov states, "Based on my experience in Russian litigation, the Russian Court is likely to be receptive to the evidence obtained through this Application."  Nurtdinov Decl. ¶ 20. The second factor weighs in favor of granting the application.

The third factor examines whether RD is attempting to circumvent foreign proof-gathering restrictions.  Nurtdinov states, "Although discovery is perhaps not as broad in Russian civil proceedings, targeted document requests seeking relevant documentary evidence is permitted."  Nurtdinov Decl. ¶ 20.  Here, the discovery sought by RD is not "targeted."  RD's application sweeps broadly, covering any electronic communications "between SPB US's employees" and

6

"the employees of SPB Moscow" from February 24, 2022 to the present.  App. 4.  It includes all communications among SPB US's employees "related to or concerning SPB Moscow and/or winding down operations in the Russian Federation" from February 24, 2022 to the present.  *Id.*  It also includes all wire transfers of money between SPB Moscow and SPB US from February 24, 2022 to the present.  *Id.*  RD has identified a handful of specific SPB US and SPB Moscow employees who were involved in the alleged tortious interference but has not explained why *all* employee communications between the two companies would be relevant.  The overbreadth of RD's discovery request, combined with Nurtdinov's note that discovery is "perhaps not as broad in Russian civil proceedings," and RD's failure to explain why the Russian court cannot compel discovery from a party in its own case, leads the court to find that the third factor weighs against RD.

The fourth factor examines whether the requested discovery is "unduly intrusive or burdensome."  *Intel*, 542 U.S. at 265.  "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information."  *Qualcomm,* 162 F. Supp. 3d at 1043.  As discussed above, RD's discovery request is overbroad.  In addition, none of the relevant evidence sought by RD appears to be located in SPB US's San Francisco office.  McKenna Decl. ¶¶ 6-10.  SPB US has presented evidence that all of the discovery materials sought by RD are located in SPB US's Ohio offices, and RD raised no evidence to rebut that.  Mot. 9; McKenna Decl. ¶¶ 2, 5-7.  At the hearing, RD admitted that the only reason it brought this application in California rather than in Ohio was because counsel believed that California judges were more familiar with section 1782 applications.  This reason is specious.  The court finds that RD's request would impose an undue burden on respondent, both because it is overbroad and because it is brought in a geographic location untethered from the evidence at issue.

//

//

//

//

The court exercises its discretion and denies RD's section 1782 application.  The Clerk is directed to close this matter.

**IT IS SO ORDERED.**

Dated: May 14, 2025

_____
Donna M. Ryu
Chief Magistrate Judge